# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shaneena S. Holland-Carter

### DEFENDANTS
UPMC Health Plan, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 215 557 9550

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1981

Brief description of cause:
Employment discrimination - race

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: None
DOCKET NUMBER: _____

DATE: September 4, 2022
SIGNATURE OF ATTORNEY OF RECORD: *Robert T Vance Jr*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Upper Darby, Pennsylvania__

Address of Defendant: __Pittsburgh, Pennsylvania__

Place of Accident, Incident or Transaction: __Upper Darby, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __None__    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __September 4, 2022__    __/s/ Robert T Vance__ (Must sign here)
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable): __37692__

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    (Please specify): _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury (Please specify): _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __September 4, 2022__    __/s/ Robert T Vance__ (Sign here if applicable)
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable): __37692__

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

United States District Court for the Eastern District of Pennsylvania

| | | |
|---|---|---|
| Shaneena S. Holland-Carter | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | Jury Trial Demanded |
| UPMC Health Plan, Inc. | : | |

*Complaint*

Plaintiff, Shaneena S.Holland Carter, brings a series of claims against Defendant, UPMC Health Plan, Inc., of which the following is a statement:

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

*The Parties*

3. Plaintiff, Shaneena S. Holland-Carter, is an African-American female citizen of the United States and a resident of this judicial district.

4. Defendant UPMC Health Plan, Inc., is a Pennsylvania health care plan owned by the University of Pittsburgh Medical Center. Defendant's principal place of business is located at 600 Grant Street, Pittsburgh, Pennsylvania.

5. At all times relevant to this action, defendant was an "employer" within the meaning of Section 1981.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

### *Background Facts*

7. From 2019 until March 2022, Ms. Holland-Carter was employed by defendant as a Service Coordinator.

8. Ms. Holland-Carter always satisfactorily discharged her responsibilities as a Service Coordinator.

9. Ms. Holland-Carter was out on short term disability leave from October 20, 2021, until December 6, 2021. Upon her return, she discovered that many of her cases had not had adequate coverage or had developed safety concerns. According to her assessment, approximately seven (7) cases fell into those categories. She also discovered that approximately half of her historical caseload had been transferred to another Service Coordinator.

10. On the morning of February 7, 2022, Heather Pope, a White female and an employee in defendant's Compliance Department, and Jacquelynne Bisch, a White female and one of defendant's Human Resources representatives, requested that Ms. Holland-Carter attend an online meeting later that day, "regarding some things that have been brought to our attention." Ms. Holland-Carter accessed the online meeting, but for reasons unknown to her, no one else attended. When she sent a notification and message confirming her attendance, she received an email in response stating that the meeting would not occur, along with the message, "we may have to meet with you in the future."

11. Patricia Ratwani, defendant's Sr. Director LTSS Clinical Ops - East, summoned Ms. Holland-Carter to another meeting on February 14, 2022. During this meeting, Ms. Ratwani

2

suspended Ms. Holland-Carter without pay pending investigation into an alleged violation of company policy. *See* Memorandum dated February 14, 2022, from Patricia Ratwani, Sr. Dir. LTSS Clinical Ops - East, Renaldo Mendez, LTSS Manager East, and Jacquelynne Bisch, HR Expect, to Shaneena Holland-Carter, CHC Service Coordinator East, a copy of which is attached hereto as Exhibit A and made a part hereof.

12. During the meeting, when Ms. Holland-Carter asked why she was being suspended, Ms. Bisch replied that "there are some safety concerns with your cases, responses to tasks, and lack of follow up with APS. You are not cooperative with your supervisor during supervision, and you called her a demon."

13. Ms. Holland-Carter asked why, if there were concerns about her performance, she was not put on an Employee Performance Corrective Plan when she returned from short term disability leave in December 2021. Ms. Bisch replied, "the lack of compliance can be handled in any number of ways and we have decided to proceed with suspension."

14. The allegations Ms. Bisch made against Ms. Holland-Carter are false.

15. In truth, Ms. Holland-Carter's supervisor since October 2021, Olga Dember, a White female, had been extremely aggressive, unprofessional, and hostile towards Ms. Holland-Carter without justification. Ms. Dember harassed and bullied Ms. Holland-Carter, created a hostile work environment for Ms. Holland-Carter, and sabotaged Ms. Holland-Carter's work. Ms. Dember further intentionally ignored her responsibilities with respect to Ms. Holland-Carter's cases by failing to respond to Ms. Holland-Carter's emails, failing to answer her calls, and neglecting important follow-up actions with respect to Ms. Holland-Carter's cases. During supervision with Ms. Holland-Carter, Ms. Dember questioned her judgment without a basis to do so, undermined her actions, antagonized her, and demeaned her competence.

16. As a direct result of Ms. Dember's discrimination, harassment and creation of a hostile work environment, on February 4, 2022, Ms. Holland-Carter contacted defendant's Employee Assistance Services (EAS) to inform them of the stress she was experiencing caused by Ms. Dember, Ms. Dember's failure to report Ms. Holland-Carter's county transfer to her supervisor, and to discuss a prospective leave of absence. EAS referred Ms. Holland-Carter to Ms. Bisch.

17. Ms. Holland-Carter called Ms. Bisch and inquired about the company policy that Service Coordinators are supposed to be assigned to work within the county of their residence. She told Ms. Bisch about Ms. Dember's failure to address Ms. Holland-Carter's change in residence and county upon her return from short term disability in December 2021. Ms. Bisch failed to resolve the issue.

18. On February 4, 2022, Ms. Holland-Carter provided to Ms. Dember a written request that Ms. Dember's supervisor be present during supervision sessions between Ms. Dember and Ms. Holland-Carter.

19. In response to that written request, Ms. Pope and Ms. Bisch requested that Ms. Holland-Carter attend the February 7, 2022, meeting.

20. On February 7, 2022, Mr. Mendez briefly attended the supervision meeting between Ms. Holland-Carter and Ms. Dember. The supervision meeting that day lasted approximately 90 minutes, through Ms. Holland-Carter's regular lunch break and while she was driving to pick up her child from school. Because supervision did not finish that day, Ms. Dember requested that it continue on February 8, 2022.

21. On February 8, 2022, supervision continued for another 60 minutes. During the meeting, Ms. Holland-Carter informed Ms. Dember of her pre-planned change in condition

4

reassessment scheduled for a client, and the need to arrange emergency services and/or authorizations for him. Ms. Dember stated that Ms. Holland-Carter needed her approval before arranging for a personal emergency response device, meals on wheels, and transportation. Ms. Dember further told Ms. Holland-Carter she could not arrange for services without the completion of an assessment. Ms. Holland-Carter explained her rationale for providing services to the patient, including the severity of his condition, the extreme decline in his health, his failure to eat in many days because of a lack of food and finances, and the limited hours of home care services to ensure his safety in the home through meeting his basic, fundamental needs.

22. On March 6, 2022, without justification, defendant terminated Ms. Holland-Carter's employment.

23. Defendant terminated Ms. Holland-Carter's employment because of her race.

24. Ms. Holland-Carter has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination, harassment, and creation and perpetuation of a racially hostile work environment.

25. By reason of defendant's discrimination, harassment, and creation and perpetuation of a racially hostile work environment, Ms. Holland-Carter suffered extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

26. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Holland-Carter's rights.

### *Count I*

### *The Civil Rights Act of 1866, 42 U.S.C. §1981*

27. Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28. Ms. Holland-Carter had a federal statutory right under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as amended, to be accorded the same rights as were enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

29. Defendant's conduct described above deprived Ms. Holland-Carter of the rights, privileges and immunities guaranteed to her under Section 1981.

30. By reason of defendant's conduct, Ms. Holland-Carter is entitled to all legal and equitable relief available under Section 1981.

### *Jury Demand*

31. Ms. Holland-Carter hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Shaneena S. Holland-Carter, respectfully prays that the Court:

a. adjudge, decree and declare that defendant has engaged in illegal race discrimination, and that the actions and practices of defendant complained of herein violated her rights under Section 1981;

b. order defendant to provide appropriate job relief to Ms. Holland-Carter, including immediate reinstatement;

    c.    enter judgment in favor of Ms. Holland-Carter and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, reinstatement, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

    d.    order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Holland-Carter associated with this case;

    e.    grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

    f.    retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street - Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Shaneena S. Holland-Carter*

# Exhibit A



DCA01

Person ID: 233697

*Memorandum*

**TO:** Shaneena Holland-Carter, CHC Service Coordinator East

**FROM:** Patricia Ratwani, Sr Dir LTSS Clinical Ops- East
Renaldo Mendez, LTSS Manager East
Jacquelynne Bisch, HR Expect

**DATE:** 2/14/2022

**SUBJECT:** **Suspension Pending Investigation**

---

Effective immediately, you are suspended without pay from your employment pending investigation into your violation of a UPMC policy. An investigation of your case load will be taking place regarding failure to adhere to CHC procedures to ensure that participants are receiving safe and quality person centered care. If the investigation supports a finding of such a violation, you will be subject to corrective action, up to and including termination of employment.

Once the investigation is complete, you will be contacted via telephone by your manager, who will inform you what corrective action, if any, will be taken. If it is found during the investigation that no corrective action is warranted, you may be eligible to receive back pay.

During your suspension, you are not permitted on UPMC property except for personal medical appointments or medical emergencies or at the request of Human Resources. **Noncompliance with this requirement may result in additional corrective action, up to and including termination of employment**.

Please be assured UPMC will conduct this investigation in as timely a manner as is reasonably possible. Your cooperation will assist in this process. Again, your manager will contact you once the investigation is complete.

LifeSolutions (EAP) is available to assist with work-related and/or personal issues. To confirm if you are eligible for this benefit and to schedule a free confidential appointment, contact LifeSolutions at 1-800-647-3327.

Please provide a phone number(s) where we may contact you: _____

---

Employee Signature and Date

*Signature does not indicate agreement but rather that this memo has been reviewed with me.

*Patricia Ratwani, Sr Dir LTSS Clinical Ops- East*    2/14/2022

---

Manager Signature and Date                    Witness Signature and Date (if applicable)